NO. 07-02-0204-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 16, 2002


______________________________



KEVIN DAAWN DARNES




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 43,144-E; HON. ABE LOPEZ, PRESIDING


_______________________________



ABATEMENT AND REMAND


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 Kevin DaAwn Darnes (appellant) appeals his conviction for capitol murder. The
clerk's record was filed on June 24, 2002, and the court reporter's records were filed on
July 12, 2002. Thus, appellant's brief was due on August 12, 2002. However, one was not
filed on that date. On August 12, 2002, appellant's counsel, Kent Birdsong, filed a motion
to extend the time to file appellant's brief, which was granted, extending the time to file said
brief to September 11, 2002. On September 11, 2002, attorney Birdsong filed a second
motion to extend time to file appellant's brief. The court granted the extension motion to
October 4, 2002, with the admonition that failure to comply with this deadline would result
in abatement of the appeal pursuant to Tex. R. App. P. 38.8. October 4, 2002, passed
without any response by counsel to our notice, without counsel tendering a brief, and
without counsel filing a motion for extension of time to file a brief. 

 Consequently, we abate this appeal and remand the cause to the 108th District Court
of Potter County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:

 1. whether appellant desires to prosecute the appeal; 

 

 2. whether appellant is indigent; and,



 whether appellant has been denied the effective assistance of counsel
due to counsel's failure to timely file a brief. See Evitts v. Lucey, 469
U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed. 2d 821, 828 (1985)
(holding that an indigent defendant is entitled to the effective
assistance of counsel on the first appeal as of right and that counsel
must be available to assist in preparing and submitting an appellate
brief). 



 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, and was denied effective assistance of counsel, then we
further direct the court to appoint new counsel to assist in the prosecution of the appeal. 
The name, address, phone number, telefax number, and state bar number of the new
counsel who will represent appellant on appeal must also be included in the court's findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed: 1) a supplemental clerk's record containing the findings of fact and conclusions
of law and 2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before November 18, 2002. Should
additional time be needed to perform these tasks, the trial court may request same on or
before November 18, 2002.

 It is so ordered.

 Per Curiam


Do not publish.

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2002).